683 A.2d 908

**COMMONWEALTH of Pennsylvania**

v.

**Todd R. PETERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 8, 1996.

Filed Sept. 25, 1996.

Before HUDOCK, SCHILLER and MONTEMURO*, JJ.

SCHILLER, Judge.

Appellant, Todd R. Peterson, appeals from the order entered by the Court of Common Pleas of Venango County denying his first petition for post-conviction relief, which included a request for appointment of counsel. We reverse.

FACTS:

On January 17, 1994, after failing to return from his work release, appellant was charged with Flight to Avoid Apprehension, Trial, or Punishment,[1] and Escape[2]. After negotiating a guilty plea to Flight to Avoid Apprehension, the charge of Escape was dropped. Consequently, on January 26, 1995, appellant was sentenced to twelve to twenty-four months. Appellant filed a timely motion, with assistance of counsel, to modify his sentence. This motion was denied by the trial court.

On January 10, 1996, appellant filed a pro se petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*[3] Appellant's request for counsel was denied. The Honorable H. William White, of the Court of Common Pleas, dismissed appellant's petition, stating that there were no genuine issues of material fact and that appellant was not entitled to post-conviction relief. Appellant then filed an "amendment to brief in support of PCRA petition in response to opinion of court," which was dismissed on February 21, 1996. This appeal followed.

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S. § 5126(a)

2. 18 Pa.C.S. § 5121(a)

3. Act of April 13, 1988, as amended, P.L. 336, No. 47, § 3.

DISCUSSION:

Appellant raises three issues on appeal: 1) whether the PCRA court erred by denying him the right to counsel to assist him in his petition; 2) whether the sentencing court erred in sentencing the appellant in the aggravated range of the sentencing guidelines; and 3) whether counsel for appellant was ineffective at his sentencing hearing and in his subsequent motion for modification of sentence.

■ The threshold issue is whether appellant had a right to counsel for his first PCRA claim. Because we hold that appellant was in fact entitled to counsel, we need not at this time address appellant's specific allegations of error.

The lower court's rationale in denying appellant's request for counsel was stated as follows: "because our Public Defenders and contract counsel are presently inundated and because we now doubt that the defendant has a right to counsel under the Federal (and Commonwealth) Constitutions in a post conviction hearing act proceeding, we are not going to assign counsel where the petition does not set forth a viable claim." (Slip op. *Commonwealth v. Peterson*, Court of Common Pleas of Venango County, C.R. NO. 779–1994, p. 3).

In so deciding, the lower court relied on two Pennsylvania Supreme Court decisions, *Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, (1995); *Commonwealth v. Christy*, 540 Pa. 192, 656 A.2d 877 (1995).[4] Because these cases are distinguishable, we are compelled to disagree with the lower court's application of them to the present case.

In *Commonwealth v. Christy*, the defendant, on a first PCRA petition, claimed, *inter alia*, ineffective assistance of his trial counsel. In determining eligibility for post-conviction relief under the PCRA, the Supreme Court explained that a

4. These cases adopted federal case law, which held that "under the United States Constitution, an accused does not have a right to counsel in state collateral proceedings." *Commonwealth v. Travaglia*, 541 Pa. 108, 139, 661 A.2d 352, 367 (1995). See *Murray v. Giarratano*, 492 U.S. 1, 3–4, 109 S.Ct. 2765, 2766–67, 106 L.Ed.2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).

petitioner waives a claim if he failed to raise the issue at trial or on appeal. 42 Pa.C.S. § 9544(b). However, ineffective assistance of counsel will excuse the waiver of an allegation of error under the PCRA as long as the petitioner had a constitutional right to counsel at the stage in the state proceedings where counsel's ineffectiveness resulted in the waiver. *Id.*, at 201, 656 A.2d at 880–1.[5] In dicta, the Court further stated that while an accused has a constitutional right to counsel on direct appeal, he has no such right in state collateral proceedings. *Id.*

■ Subsequently, in *Commonwealth v. Travaglia*, the defendant, in a *second* PCRA motion, alleged ineffective assistance of counsel at his initial post conviction hearing.[6] The Pennsylvania Supreme Court held that the defendant could not claim a federal constitutional violation based on an allegation of ineffective counsel at his PCHA hearing because the accused did not have a right to counsel at that proceeding under the United States Constitution.[7] However, in arriving at this conclusion, the Court clearly stated: "we are in no fashion now deciding the issue of whether the Pennsylvania Constitution gives an appellant a right to counsel at a collateral proceeding." *Id.*, at 139, 661 A.2d at 367, fn. 29.

The question not addressed by the Court in *Travaglia* need not be confronted on a constitutional basis. Under Pennsylva-

---

**5.** The exceptions to waiver of an issue in a PCRA petition are set forth in the statute:

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, posttrial or direct appeal does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a)(3)(ii); (iii). Act of April 13, 1988 P.L. No. 47, § 6.

**6.** In *Commonwealth v. Travaglia, supra*, n. 4, the initial post conviction hearing was held pursuant to the Post Conviction Hearing Act (PCHA), predecessor to the PCRA. 42 Pa.C.S. § 9541 et seq. (1982) (repealed).

**7.** In order to raise an ineffective assistance of counsel claim, the defendant must have a constitutional right to counsel at the phase of the proceeding in which he is alleging that counsel was ineffective. *Commonwealth v. Travaglia*, at 139, 661 A.2d at 352.

nia law, a petitioner's right to counsel under the PCRA is established by the Rules of Criminal Procedure. See *Commonwealth v. Kaufmann,* 405 Pa.Super. 335, 339, 592 A.2d 691, 693 (1991). In particular, Rule 1504(a) and the accompanying comment provide:

RULE 1504. APPOINTMENT OF COUNSEL; FORMA PAUPERIS

(a) when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **the judge shall appoint counsel to represent the defendant on the defendant's first motion for post-conviction collateral relief.**

. . . .

COMMENT: Consistent with Pa. post-conviction practice under former Rules 1503 and 1504, **it is intended that counsel be appointed in every case in which a defendant has filed a motion for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.** However, the rule now limits appointment of counsel on second or subsequent motions so that counsel should be appointed only if the judge determines that an evidentiary hearing is required. Of course, the judge has discretion to appoint counsel in any case when the interests of justice require it.

Pa.R.Crim.P. 1504(a) (emphasis added).

 In *Commonwealth v. Kaufmann,* the Court held that while the U.S. Supreme Court has held that there is no constitutional right to appointment of counsel when collaterally attacking a conviction, "this does not translate into a preclusion of a state's highest court from promulgating Rules of Criminal Procedure (see Pa. Const. Art. V, Sec. 10(c)) to avail an indigent the right to counsel under prescribed circumstances." *Id.,* at 343, 592 A.2d at 695.[8] Indeed, our Court has

**8.** All that petitioner need show, to entitle him to an appointment of counsel for a PCRA motion, is an inability to afford counsel and that the petition is his first seeking post conviction collateral relief. There is no condition precedent that the claims raised by the petitioner pass an "arguably meritorious/reasonable basis for counsel's inaction/preju-

held that if the Pennsylvania Supreme Court, through the Criminal Rules Committee, had intended to dispense with the assignment of counsel in post-conviction collateral proceedings on a petitioner's first attempt to obtain post-conviction collateral relief, it could have dispensed with Rule 1504(a) and provided the PCRA court the authority to dismiss any request for relief which it found to be without merit. *Id.* However, the Pennsylvania Supreme Court has not done so.

Thus, while there may be no federal constitutional right to counsel for a post-conviction collateral proceeding, Rule 1504(a) allows an indigent defendant the opportunity to secure the appointment of counsel to aid him in the completion of his first petition seeking post-conviction collateral relief, regardless of the merits of his claim. 42 Pa.R.C.P. 1504(a). The point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. *See Commonwealth v. Harris,* 381 Pa.Super. 206, 214–15, 553 A.2d 428, 433 (1989).[9]

CONCLUSION:

Pursuant to Rule 1504(a) and *Commonwealth v. Kaufmann, supra,* the lower court erred in denying appellant counsel for the purpose of assisting him in his first PCRA petition.

Consequently, we reverse the order of the PCRA court denying the appellant's request for appointment of counsel, and remand for the appointment of counsel. The Court of

dice" test to secure the appointment of counsel. This assessment is more appropriately left to the post-appointment of counsel stage. *Commonwealth v. Kaufmann,* 405 Pa.Super. 335, 342, 592 A.2d 691, 694 (1991). See also, *Commonwealth v. Harris,* 381 Pa.Super. 206, 214–15, 553 A.2d 428, 432–33 (1989).

**9.** We wish to emphasize that this decision is not inconsistent with the Pennsylvania Supreme Court decisions in *Christy* and *Travaglia.* In that regard we note that in *Commonwealth v. Keeney,* 367 Pa.Super. 16, 20, 532 A.2d 33, 36 (1987) our Court held that the United States Supreme Court opinion in *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987), did not affect the earlier decision of *Commonwealth v. Finley,* 497 Pa. 332, 440 A.2d 1183 (1981) in which the Supreme Court held that indigent petitioners have the right to counsel with their first PCHA petition.

Common Pleas shall then address the PCRA petition as filed by appellant with the assistance of counsel.