COMMONWEALTH of Pennsylvania, Appellee

v.

Alan D. FRIEND, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 2005.

Filed March 30, 2006.

Alan D. Friend, Sr., appellant, Pro Se.

Jack R. Heneks, Jr., Assistant District Attorney, Unknown, for Commonwealth, appellee.

BEFORE: DEL SOLE, P.J., BENDER, J., and McEWEN, P.J.E.

OPINION PER CURIAM:

¶ 1 Appellant, Alan D. Friend, acting *pro se,* brings this appeal from the order dismissing his petition, filed pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from the judgment of sentence to serve a term of imprisonment of

---

1. 42 Pa.C.S. §§ 9541–9546.

from eight and one-half years to twenty years. That sentence had been imposed after a jury convicted appellant of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of a minor. We are compelled to vacate the order of the trial court and remand this case for further proceedings.

¶ 2 The facts giving rise to the convictions in this case, as summarized by a panel of this Court, which affirmed the judgment of sentence on direct appeal, are as follows:

The charges brought against appellant arise from an alleged incident of sexual molestation by appellant perpetrated against his five year old son on an unspecified date between April and June, 2000. The child victim, at the time, was living in a mobile home with his mother, two brothers, and appellant, his father. The victim testified that, on a summer morning in 2000, appellant led him to an isolated room in the back of the trailer and engaged him in oral and anal intercourse. The child victim further testified that such incidents had occurred more than once and that appellant told him not to disclose their actions to his mother. Appellant moved out of the trailer home residence on June 6, 2000, and the mother of the child victim testified that, months later, on February 22, 2001, the child informed her of the molestation. The mother of the child victim, upon hearing the allegation from her son, notified the police, took him to child services, and had him examined by a family physician, Dr. Efren Leonida. The police issued a criminal complaint against appellant on March 28, 2001, and arrested him on April 3, 2001. At trial, the child victim related the incidents of sexual misconduct and the doctor testified as an expert in family medicine that, while the child victim showed no physical signs of sexual molestation, the lapse of time between the alleged sexual assault and the examination, on February 28, 2001, could explain the absence of such physical evidence. The jury thereafter found appellant guilty of the abovementioned offenses.

The distinguished Judge John F. Wagner, Jr., of the Fayette County Court of Common Pleas, on February 5, 2003, sentenced appellant to serve the mandatory minimum term of incarceration for involuntary deviate sexual intercourse, a term of five years, and a maximum term of ten years. The trial court delayed the imposition of sentence on the remaining charges for one week, until February 12, 2003, so that the Fayette County Adult Probation Department could prepare a presentence report. On February 12, 2003, the trial court sentenced appellant to a term of incarceration of from two and one half years to five years for the statutory sexual assault, and to a term of incarceration of from one year to five years for corruption of a minor, to run consecutive to his sentence for involuntary deviate sexual intercourse.

*Commonwealth v. Friend,* 844 A.2d 1279 (Pa.Super.2003) (unpublished memorandum) (No. 803 WDA 2003, Memorandum filed December 3, 2003, pp. 1–3).

¶ 3 Appellant did not file with the Pennsylvania Supreme Court a petition for allowance of appeal from the decision of this Court, but one year after this Court affirmed the judgment of sentence, appellant, on December 6, 2004, filed a timely *pro se* petition in the Court of Common Pleas of Fayette County seeking PCRA relief. Counsel was appointed to assist appellant on December 13, 2004, but she did not amend or seek to amend the *pro se* petition. Six weeks after appointment, on

January 27, 2005, she filed a motion to withdraw as counsel,[2] including a *Turner–Finley* letter[3] in which she asserted that there were "no viable issues under the [A]ct which would afford relief under the PCRA." Following this motion the trial judge, on February 10, 2005, issued a Rule 907[4] notice to appellant advising him that the court intended to dismiss his PCRA petition without a hearing. In that notice, and in conformance with the Rule, the trial court advised appellant that he had twenty days within which to respond to the Rule 907 notice. The trial court, however, on that same day, February 10, 2005, despite the twenty day notice to appellant, and in contravention of the clear language of Rule 907, "dismissed" appellant's petition by filing the following order:

AND NOW, this 10th day of February, 2005, it is hereby ORDERED and DIRECTED that the Petition to Withdraw PCRA and to Withdraw as Counsel for

the above case is granted and that Dianne H. Zerega, Esquire is granted permission to withdraw her appearance in this case. It is further ORDERED that the Petitioner's PCRA is hereby withdrawn.

By the Court:

/S/
_____

Order of Court of Common Pleas of Fayette County at No. 1068 of 2001, February 10, 2005. This order was not accompanied by an opinion or explanatory memorandum. Subsequently, on March 7, 2005, the trial court issued a further order, which read as follows:

AND NOW, this 7th day of March, 2005, after review of the record and consideration of the *Finley* no-merit letter filed by counsel for the defendant, the *pro se* Motion for Post Conviction Collateral

---

**2.** This motion was actually labeled a "Motion to Withdraw PCRA and to Withdraw as Counsel." The body of the motion, however, was limited to counsel's request to withdraw, and, of course, appointed counsel had no authority to seek to withdraw the underlying petition. Nonetheless, the trial court in its disposition order, acting upon the mislabeled petition, actually granted counsel's motion to withdraw the PCRA petition. *See:* Order of Court of Common Pleas of Fayette County at No. 1068 of 2001, February 10, 2005.

**3.** *See: Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988).

**4.** Rule 907 of the Pennsylvania Rules of Criminal Procedure provides in relevant part:

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any

further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

(2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

(3) The judge may dispose of only part of a petition without a hearing by ordering dismissal of or granting relief on only some of the issues raised, while ordering a hearing on other issues.

(4) When the petition is dismissed without a hearing, the judge shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken. Pa.R.Crim.P. 907.

Relief is hereby DISMISSED without hearing.

Further, the Clerk of Courts of Fayette County is DIRECTED to serve this notice upon counsel and the defendant.

By the Court:

/S/

---

Order of Court of Common Pleas of Fayette County at No. 1068 of 2001, March 7, 2005. It bears emphasis that, once again, the order was not accompanied by an opinion or explanatory memorandum.

¶ 4 The instant appeal was filed on March 31, 2005.[5] The trial judge, upon receipt of notice of the appeal, without seeking from appellant a statement of issues involved on appeal,[6] filed what he described as a "Statement in Lieu of Opinion" which stated:

AND NOW, this 13th day of April, 2005, pursuant to Pa.R.A.P.1925(a), the within statement in lieu of opinion is hereby filed as the following matters appear of record to support the Order of March 7, 2005, which dismissed the defendant's *pro se* motion for Post Conviction Collateral Relief, to wit:

(a) Order dated December 13, 2004, appointing counsel for the defendant on his *pro se* motion for Post Conviction Collateral Relief;

(b) *Finley* no-merit letter in the form of a brief filed by counsel on January 27, 2005;

(c) Notice to the defendant dated February 10, 2005, indicating intention to dismiss the *pro se* motion for Post Conviction Collateral Relief;

(d) Order of February 10, 2005, dismissing the defendant's *pro se* motion for Post Conviction Collateral Relief after consideration of the *Finley* no-merit letter and review of the record by the Court; and

(e) Order of March 7, 2005, dismissing the defendant's *pro se* motion for Post Conviction Collateral Relief.

Statement in Lieu of Opinion, Wagner, Jr., J., April 13, 2005.

¶ 5 Appellant, in the *pro se* brief submitted in support of this appeal, sets out the following questions for our review, which we recite verbatim:

Whether the appellant was afforded ineffective assistance of trial counsel, where counsel appeared to be unaware of the Pennsylvania statutes governing the admission of hearsay testimony and sentencing procedure, where counsel failed to explore exculpatory issues, acquire exculpatory documents, investigate potentially exculpatory witnesses, conduct a thorough pre-trial investigation, or provide any mitigating evidence at sentencing, and where counsel, through the failure to thoroughly question Commonwealth witnesses, did not submit the Commonwealth's case to a constitutionally sufficient adversarial challenge?

Whether the appellant was afforded ineffective assistance of appellate counsel, where counsel failed to develop or perfect issues to be presented on direct appeal and subsequently failed to file an appeal with the Pennsylvania Supreme Court?

Whether the appellant was afforded ineffective assistance of PCRA counsel,

---

**5.** The Notice of Appeal filed by appellant, who is incarcerated, was accompanied by a Proof of Service that averred that the appeal was mailed on March 31, 2005. In conformance with the prisoner mailbox rule, when dealing with an incarcerated *pro se* litigant, we regard the date of mailing as the date of filing. *See: Commonwealth v. Jones*, 549 Pa. 58, 64–65, 700 A.2d 423, 426 (1997).

**6.** *See:* Pa.R.A.P.1925(b).

where counsel misrepresented the law, ignored issues suggested by the appellant, and acted as *amicus curiae* by promoting an outcome of the appellant's petition that was favorable to the Commonwealth?

Whether the appellant's trial was fatally flawed by the constitutionally illegal admission of hearsay testimony, which rendered the outcome of the appellant's trial unreliable?

Whether the imposed aggregate sentence of 8½ to 20 years is illegal because the sentencing court failed to comply with the Pennsylvania statutes governing sentencing procedure and failed to observe the fundamental norms which underlie the sentencing process?

Whether the imposed aggregate sentence of 8½ to 20 years is excessive because the sentence imposed is outside of the appropriate sentencing guidelines without valid reasons and thus exceeds any reasonable need of punishment for the offenses?

Prior to addressing these questions, however, we are obliged to examine the procedures that preceded this appeal, specifically the efforts by appointed counsel to withdraw and the ultimate dismissal of the underlying PCRA petition.

■ ¶ 6 We first reiterate that an indigent PCRA petitioner has an absolute right to the assistance of counsel during a first attempt at obtaining such collateral relief, a cardinal principle ably addressed by our eminent colleague Judge Berle M. Schiller in *Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908 (1996):

> Under Pennsylvania law, a petitioner's right to counsel under the PCRA is established by the Rules of Criminal Procedure. *See Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 339, 592 A.2d 691, 693 (1991). In particular, Rule 1504(a) [since renumbered as Rule of

Criminal Procedure 904] and the accompanying comment provide:

> RULE 1504. APPOINTMENT OF COUNSEL; FORMA PAUPERIS (a) when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first motion for post-conviction collateral relief.

> . . .

> COMMENT: Consistent with Pa. post-conviction practice under former Rules 1503 and 1504, it is intended that counsel be appointed in every case in which a defendant has filed a motion for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel. . . .

Pa.R.Crim.P. 1504(a) (emphasis added).

In *Commonwealth v. Kaufmann*, the [Superior] Court held that while the U.S. Supreme Court has held that there is no constitutional right to appointment of counsel when collaterally attacking a conviction, "this does not translate into a preclusion of a state's highest court from promulgating Rules of Criminal Procedure (see Pa. Const. Art. V, Sec. 10(c)) to avail an indigent the right to counsel under prescribed circumstances." *Id.*, at 343, 592 A.2d at 695.[footnote 8] Indeed, our Court has held that if the Pennsylvania Supreme Court, through the Criminal Rules Committee, had intended to dispense with the assignment of counsel in post-conviction collateral proceedings on a petitioner's first attempt to obtain post-conviction collateral relief, it could have dispensed with Rule 1504(a) and provided the PCRA court the authority to dismiss any request for relief which it found to be without merit. *Id.* However,

the Pennsylvania Supreme Court has not done so.

[footnote 8] All that petitioner need show, to entitle him to an appointment of counsel for a PCRA motion, is an inability to afford counsel and that the petition is his first seeking post conviction collateral relief. There is no condition precedent that the claims raised by the petitioner pass an "arguably meritorious/reasonable basis for counsel's inaction/prejudice" test to secure the appointment of counsel. This assessment is more appropriately left to the post-appointment of counsel stage. *Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 342, 592 A.2d 691, 694 (1991). *See also, Commonwealth v. Harris*, 381 Pa.Super. 206, 214–215, 553 A.2d 428, 432–433 (1989).

Thus, while there may be no federal constitutional right to counsel for a post-conviction collateral proceeding, Rule 1504(a) allows an indigent defendant the opportunity to secure the appointment of counsel to aid him in the completion of his first petition seeking post-conviction collateral relief, regardless of the merits of his claim. 42 Pa.R.C.P. 1504(a). The point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. *See Commonwealth v. Harris*, 381 Pa.Super. 206, 214–215, 553 A.2d 428, 433 (1989).

*Commonwealth v. Peterson, supra*, 683 A.2d at 910–911.

¶ 7 The *Peterson* discussion followed by eight years the polestar decision of this Court, in *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988), which held that "[o]nce counsel for the petitioner determines that the issues raised under the PCHA [subsequently amended and renamed PCRA] are 'meritless', and the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes." *Id.* at 215. The *Finley* decision also emphasized that, in Pennsylvania,[7] a petitioner for collateral relief has a "right to effective representation,"[8] and, in order to ensure the fulfillment of that right, our Court there (1) itemized the specific elements which counsel seeking to withdraw must include in an application to withdraw, and (2) prescribed the duties of the hearing court in connection with an application to withdraw, when we "required proof of:

1) A 'no-merit' letter by PCHA counsel detailing the nature and extent of his review;

2) The 'no-merit' letter by PCHA counsel listing each issue the petitioner wished to have reviewed;

3) The PCHA counsel's 'explanation", in 'no-merit' letter, of why the petitioner's issues were meritless;

4) The PCHA court conducting its own independent review of the record; and

5) The PCHA court agreeing with counsel that the petition was meritless."

*Id.*, 550 A.2d at 215. The procedure made explicit in *Finley* thereby became the paradigm under which both appointed and privately retained lawyers must operate when seeking to withdraw from the repre-

---

7. The *Finley* Court cited former Rules of Criminal Procedure 1503, 1504, now codified at Pa.R.Crim.P. 904.

8. *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213, 215 (1988).

sentation of a PCRA petitioner.[9] *See generally: Commonwealth v. Glover*, 738 A.2d 460, 463–64 (Pa.Super.1999); *Commonwealth v. Bishop*, 435 Pa.Super. 211, 645 A.2d 274, 275–276 (1994). While there has been, to the present, no *explicit* requirement that counsel who seeks to withdraw under *Finley* must advise the PCRA petitioner of his or her decision to withdraw prior to, or even contemporaneously with, the filing of the petition,[10] this Court has expressed its approval of the contemporaneous notification of the petitioner by PCRA counsel who seek to withdraw as counsel. *See: Commonwealth v. Dukeman*, 413 Pa.Super. 397, 605 A.2d 418, 419–420 (1992). That expression of approval is consistent with the "right to effective representation" relied upon in *Finley*, as well as the subsequent edict of this Court that a defendant is entitled to "meaningful participation" on the part of counsel who represents a PCRA petitioner. *Commonwealth v. Hampton*, 718 A.2d 1250, 1253–1254 (Pa.Super.1998), *cited with approval in Commonwealth v. Karanicolas*, 836 A.2d 940, 945–946 (Pa.Super.2003). *See also: Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450

(1975) (appointment of counsel "envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.")

¶ 8 Although we did not, in *Hampton, id.,* further delineate the scope of the duty to "meaningfully participate" with the petitioner who is pursuing PCRA relief, surely that duty must include, at a minimum, the need to provide the PCRA petitioner contemporaneous notice of counsel's intent to terminate representation in the case. Consequently, we here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, *that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.* Thus

9. Although [*Commonwealth v.*] *Turner* and [*Commonwealth v.*] *Finley* were decided under the PCHA, the procedures established therein which govern withdrawal of counsel on collateral attack also apply to the PCRA. *Commonwealth v. Glover*, 738 A.2d 460, 461 n. 1 (Pa.Super.1999) (citation omitted). The former Pennsylvania Post Conviction Hearing Act was amended by Act of April 13, 1988, P.L. 336, No. 47, § 3, and was thereafter, and continues to be, the Pennsylvania Post Conviction Relief Act.

10. We are mindful of the decision of the Pennsylvania Supreme Court in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), in which the esteemed Chief Justice Emeritus John P. Flaherty, then Justice, wrote in support of the Court's holding "that the procedure followed in the *Finley* case accorded the PCHA petitioner all the protec-

tion incorporated in the right to appointed counsel in collateral proceedings under the PCHA." *Commonwealth v. Turner, supra,* 518 Pa. at 495, 544 A.2d at 928. However, the focus of that decision was whether the stricter standard of "frivolity" of issues—which was the required condition precedent under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), for an attorney to withdraw on a direct appeal—was to be similarly applied to an attorney who seeks to withdraw from representing a petitioner on a collateral attack on a conviction. We do not read the *Turner* decision as prohibiting this Court from imposing the quite reasonable requirement that an attorney keep his or her client advised of the status of his case.

it is that, henceforth,[11] the conditions precedent to an order of court which terminates the representation of PCRA counsel shall be as follows:

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*,[12] or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

■ ¶ 9 Turning to the facts of the present case, there is no evidence that appointed counsel ever apprised appellant of the status of or progress upon his case, or ever advised him of his rights in the event that the court granted the petition to withdraw as counsel.[13] The effect of these omissions was compounded by the order of the trial court that was entered concurrently with the Rule 907 notice to appellant, in which the trial court ruled that the petition for PCRA relief was "withdrawn." Order of Court of Common Pleas of Fayette County at No. 1068 of 2001, February 10, 2005. As discussed above, an order that purports to dispose of an underlying PCRA petition cannot be issued until at least twenty days following issuance of the trial court's notice of its intention to do so. Pa.R.Crim.P. 907(1). Consequently, the trial court's order of February 10, 2005, was issued in error,[14] and the effect of that

---

**11.** We emphasize the prospective application of this decision. *See generally: Commonwealth v. Pressley*, 584 Pa. 624, 887 A.2d 220, 225 (2005).

**12.** Since the petitioner will essentially be without counsel once original PCRA counsel seeks to withdraw, the Court will, of course, consider any *pro se* argument thereafter submitted by the petitioner. *See generally: Commonwealth v. Baney*, 860 A.2d 127 (Pa.Super.2004), *appeal denied*, 583 Pa. 678, 877 A.2d 459 (2005).

**13.** In relevant part the petition to withdraw contained only the following averments:

5. After a careful review of the record, present counsel has evaluated the issues raised, examined the record for any issues that may have been overlooked and compared those issues to the statute and applicable case law.

6. After reviewing the record, counsel has determined that there are no viable issues under the act which would afford relief under the PCRA.

7. Counsel requests that the court permit her to withdraw her representation in this action as there are not viable issues available to provide relief in this case.

8. In support of her position to be permitted to withdraw her representation, counsel has prepared a brief in support of her position to withdraw.

WHEREFORE, the Petitioner respectfully requests that she be permitted to withdraw her representation in the PCRA action filed at the above listed number.

**14.** Since appellant, who, by virtue of the trial court's order of February 10, 2005, had been deprived of counsel, had not been notified of his rights to proceed *pro se*, to seek reconsideration of that erroneously entered order, or

error directly affected the validity of the subsequent order issued on March 7, 2005.

¶ 10 Therefore, due to the failure of the trial court to comply with the Rules of Criminal Procedure regarding the dismissal of a PCRA petition, we are compelled to vacate both the trial court order of February 10, 2005, and its order of March 7, 2005, and to remand this case for further proceedings, which are to include both an independent review of the record by the trial court, and an "autonomous judicial expression of the reasons for dismissal." *Commonwealth v. Fulton*, 583 Pa. 65, 69, 876 A.2d 342, 344 (2002), *quoting Commonwealth v. Roy Williams*, 557 Pa. 207, 225, 732 A.2d 1167, 1176 (1999).[15]

¶ 11 Orders vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

to file an appeal from that order, we do not find that the failure to appeal that ostensibly final order constitutes a jurisdictional defect, or that the appeal that was eventually filed from the March 7, 2005, order—an order which on its face "dismissed" a petition that had previously been ordered "withdrawn"—was untimely.

15. As the trial court considers, upon remand, the contentions of appellant, it is clear that the fifth and sixth questions listed by appellant are directed to the discretionary aspects of his sentence. These questions do not raise a cognizable challenge under the PCRA, which provides only for challenges to sentences that have been imposed in excess of the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii). *See also: Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915, 926 (1994), *appeal denied*, 540 Pa. 576, 655 A.2d 509 (1995).

Moreover, this Court on direct appeal addressed the following question: "Whether the court erred in not granting appellant's objection to the admittance of hearsay testimony through Dr. Leonida of the mother giving the history?" Since the fourth question here set out by appellant is directed to the same evidence that was challenged on direct appeal, it is not cognizable in the context of a PCRA proceeding on the basis that it was previously litigated. 42 Pa.C.S. § 9543(a)(3).

Consequently, of the six questions set out by appellant, only the three ineffectiveness claims of trial counsel, of direct appeal counsel, and of PCRA counsel, are potentially cognizable under the Act.