J-S29019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JACOB BERGER | |
| Appellant | No. 1173 WDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000898-2008

BEFORE: BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.:                    **FILED MAY 19, 2016**

Appellant's counsel, James Eugene DePasquale, Esquire, has filed a brief in this matter in which he concedes that Appellant cannot satisfactorily establish his claim of ineffective assistance of trial counsel. Attorney DePasquale is currently in the rather odd position of arguing against his client's interests. This cannot stand.

Attorney DePasquale has not filed an "application for leave to withdraw as counsel" pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). In **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super.

_____

[*] Former Justice specially assigned to the Superior Court.

2006), this Court clarified "the conditions precedent to an order of court which terminates the representation of PCRA counsel[:]"

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se,* or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

If counsel wishes to file an application for leave to withdraw as counsel, we advise counsel to file a no-merit letter which fully presents each claim Berger wishes to pursue on appeal, including the appropriate standards of review and legal authority in support of counsel's contention that these claims are without merit **within 30 days**; or, in the alternative, counsel may file a proper brief on the merits. The Commonwealth shall

thereafter have thirty days following the filing of Appellant's brief in which to file its response.

Case remanded with instructions. Panel jurisdiction retained.