J-S29019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JACOB BERGER | |
| Appellant | No. 1173 WDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000898-2008

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JUNE 27, 2016**

Appellant, Charles Jacob Berger, appeals from the order entered July 7, 2015, in the Court of Common Pleas of Fayette County, which denied his Post Conviction Relief Act[1] ("PCRA") petition. Additionally, Berger's privately retained counsel, James E. DePasquale, Esquire, has filed an application to withdraw as counsel. After careful review, we deny counsel's application to withdraw and remand for further proceedings.

On March 7, 2011, a jury convicted Berger of possession with intent to deliver cocaine, possession of cocaine and driving under the influence of a controlled substance. The trial court sentenced Berger on the conviction of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

possession with intent to deliver cocaine to seven to fourteen years' imprisonment, and to a consecutive term of three to six months' incarceration on the conviction of driving under the influence of a controlled substance. On appeal, this Court affirmed Berger's judgment of sentence and our Supreme Court denied his petition for allowance of appeal. **See Commonwealth v. Berger**, 1134 WDA 2011 (Pa. Super., filed Jan. 10, 2013) (unpublished memorandum), **appeal denied**, 72 A.3d 599 (Pa. 2013).

Thereafter, Berger privately retained Attorney DePasquale to file a PCRA petition. On October 2, 2013, Attorney DePasquale filed a timely PCRA petition on Berger's behalf alleging ineffective assistance of trial counsel. Following an evidentiary hearing, the PCRA court denied Berger's petition. Although Attorney DePasquale maintains that he was not paid to do so, he filed a timely appeal from the denial of the PCRA petition at Berger's request.

This panel subsequently received an appellate brief prepared by Attorney DePasquale, in which counsel conceded that Berger could not satisfactorily establish his claim of ineffective assistance of counsel.[2] Given

---

[2] **See** Appellant's Brief, at 7 (noting there is "ample support in the record" to support the PCRA court's conclusion that trial counsel did not render ineffective assistance of counsel); at 8 (noting evidence "is not sufficient to prove ineffective assistance of trial counsel"); and at 11 (concluding that "it cannot be sustained on appeal that trial counsel was ineffective").

the nature of counsel's argument—arguing *against* his client's interests—we mistakenly concluded that Attorney DePasquale served as Berger's court-appointed counsel. We therefore remanded this case with instructions that Attorney DePasquale file an "application for leave to withdraw as counsel" that comports with the requirements announced in ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

Counsel has purported to comply with our directive; however, his application does not even contain the requisite "statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se,* or with the assistance of privately retained counsel." ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006). Counsel's petition to withdraw was therefore deficient.

Nonetheless, given that Attorney DePasquale remains Berger's *private* counsel of record, we find that counsel should have moved to withdraw his appearance in the PCRA court, rather than seek withdrawal from this Court. ***See*** Pa.R.Crim.P. 120(B). Had counsel done so previously, he would have afforded Berger the ability to seek new private counsel or to request the PCRA court to appoint counsel. ***See*** Pa.R.Crim.P. 904(C). As this matter now

stands, Berger has been effectively deprived of a proper advocate's brief from counsel he privately retained. This cannot stand.[3]

We therefore remand this case for further proceedings. The PCRA court is directed to hold a hearing *within sixty days* of the date of this decision to determine: (1) whether the PCRA court will permit Attorney DePasquale to withdraw; (2) whether Berger wishes to proceed *pro se*; (3) if Berger does wish to proceed *pro se*, to hold a colloquy to determine whether he knowingly and intelligently waives his right to counsel; (4) if Attorney DePasquale is permitted to withdraw and Appellant does not wish to proceed *pro se*, to determine whether Appellant is eligible for court appointed counsel on appeal and to appoint counsel if appropriate. **See** Pa.R.Crim.P. 120(B)(3); 904(C).

Following the filing of the PCRA court's decision in this Court, our Prothonotary is directed to establish a new briefing schedule.

Counsel's petition to withdraw is denied. Case remanded with instructions. Jurisdiction retained.

_____

[3] Attorney DePasquale's argument against his client in the merits brief causes us great concern. We are thus constrained to remind Attorney DePasquale of his ethical obligations and that "[a] lawyer has a sacred duty to defend his … client." **Commonwealth v. Spotz**, 99 A.3d 866, 869 (Pa. 2014). Attorney DePasquale's actions in this case are inexcusable and have needlessly delayed resolution of this appeal.