## Commonwealth v. Campos

*Richard Campos,* pro se.
*William R. Toal III,* for Commonwealth.

DOZOR, *J.*, January 25, 2011—

## NATURE AND HISTORY OF THE CASE

This is an appeal from this court's denial of appellant's third PCRA petition.

On May 28, 1993, appellant was arrested and charged with criminal homicide[1] and other related charges stemming from the shooting and subsequent death of seventeen-(17) year-old David Viera. Appellant was fifteen (15) years old at the time. Appellant's motion to transfer the matter to juvenile court was denied after a hearing held on April 7, 1994 in front of the Honorable A. Leo Sereni of the Court of Common Pleas of Delaware County.

From August 29 to August 31, 1994, Honorable Judge Sereni presided over appellant's jury trial. After reviewing all the evidence and testimony, the jury found appellant guilty of murder of the dirst degree[2] and guilty of possessing instruments of a crime[3].

On October 18, 1994, the court sentenced appellant to a term of life imprisonment for the charge of first degree murder and a concurrent term of eleven and a half (11 1/2) months to twenty-three (23) months incarceration for the charge of possessing instruments of a crime.

Appellant filed an appeal to the Pennsylvania Superior Court alleging that (1) trial court erred in refusing to

---

1. 18 Pa.C.S.A. §2501(a).
2. 18 Pa.C.S.A. §2501(a).
3. 18 Pa.C.S.A. §907(b).

transfer the case to juvenile court; (2) evidence was insufficient to support the verdict of guilty of first degree murder; and (3) trial counsel was ineffective for failing to raise the defense of intoxication. On April 3, 1996, the Superior Court rejected appellant's claims, and affirmed trial court's judgment of sentence.

On September 25, 1996, the Pennsylvania Supreme Court per curium denied appellant's petition seeking allowance to appeal lower court's decision.

On August 10, 1998, appellant filed a pro se Post-Conviction Relief Act ("PCRA") petition. The Honorable Judge Sereni appointed Hugh Donaghue to assist appellant with his petition[4]. Appellant filed an amended petition which asserted that trial counsel was ineffective for (1) failing to call a witness (Elvis Campos) regarding appellant's demeanor prior to the shooting; (2) failing to pursue a diminished capacity defense; and (3) failing to pursue the claims regarding Elvis Campos. Appellant's case was reassigned to the Honorable Joseph P. Cronin, Jr.

On September 23, 1999, the Honorable Judge Cronin held an evidentiary hearing regarding the timeliness of appellant's PCRA petition. The commonwealth asserted that the PCRA petition was untimely filed, and that appellant had not met any of the statutorily recognized exceptions to the timeliness requirement of the Post Conviction Relief Act (PCRA). On September 27, 1999,

---

4. This court notes that the original appointed PCRA counsel wit - drew his appearance due to a conflict of interest and the PCRA court appointed Hugh Donaghue, Esquire.

the Honorable Judge Cronin signed an order dismissing appellant's PCRA petition as untimely.

On April 13, 2003, appellant wrote a letter to the Delaware County public defender's office requesting a copy of his entire file. On April 29, 2003, appellant received a copy of his file from the public defender's office.

On June 12, 2003, appellant filed a pro se PCRA petition. The matter remained open and unaddressed by the court for four years.

On September 12, 2007, appellant filed a writ of mandamus to the Pennsylvania Supreme Court seeking action on his pro se PCRA petition. On February 7, 2008, the Supreme Court granted appellant's request for a writ of mandamus and ordered the Delaware County Court of Common Pleas to address appellant's petition within sixty (60) days.

On May 30, 2008, appellant's case was assigned to this court, and on July 1, 2008 and July 14, 2008, this court appointed Scott D. Galloway, Esq. to assist appellant with his PCRA petition[5]. On July 8, 2008, this court granted appellant's petition for a continuance to file amended PCRA petition. Appellant submitted his amended pro se PCRA petition on June 18, 2008. On August 11, 2008, appellant, through his PCRA counsel filed an amended PCRA petition. On December 17, 2008, this court signed

5. On May 30, 2008, this court appointed Dennis W. McNamara, Jr. Esq. to assist appellant with his PCRA petition. However, Mr. Mc-Namara later withdrew his appearance necessitating the appointment of Scott D. Galloway.

an order for notice of intent to dismiss the Post-Conviction Relief Act petition without hearing in twenty (20) Days. On January 8, 2009, appellant sent a pro se amended PCRA petition to this court. In an order dated January 29, 2009, this court dismissed appellant's PCRA petition as untimely upon reviewing appellant's pro se PCRA petition, PCRA counsel's amended the PCRA petition, appellant's pro se subsequent letter and amended petition, and upon independent review of the record and relevant case laws.

On February 17, 2009, appellant filed a timely notice of appeal. On February 17, 2009, this court sent to appellate counsel an order to file a "concise statement of the matters complained of on appeal," pursuant to Pa.R.A.P. 1925(b). On March 6, 2009, appellant's attorney filed the concise statement of matters complained of on appeal, raising the following issues: (1) whether the trial court erred in determining that the appellant's claims raised in his PCRA petition did not meet the timeliness exceptions pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i-iii)); (2) whether the trial court erred in not finding appellant's trial counsel ineffective; (3) whether the trial court erred in dismissing appellant's PCRA petition without an evidentiary hearing; and (4) whether the trial court erred in not allowing appellant's nunc pro tunc petition after his first PCRA counsel failed to file an appeal on appellant's behalf. On April 3, 2009, this court affirmed the findings of the trial court on all counts. The Superior Court affirmed this court's decision on October 22, 2009. This court notes that on April 6, 2010, the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal.

On July 8, 2010, appellant filed his third PCRA petition pro se based upon the recent United States Supreme Court decision in *Graham v. Florida,* 560 U.S.___, 130 S.Ct. 2011(2010). On July 22, 2010, this court appointed Mr. Henry DiBenedetto Forest, Esq. as appellant's PCRA Counsel in order to assist in this matter.

On October 22, 2010, appellant's PCRA counsel petitioned to withdraw as counsel of record by filing a "no merit" letter pursuant to *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1998). On October 27, 2010, this court signed an order for notice of intent to dismiss Post Conviction Relief Act petition without hearing in twenty (20) days. In an order dated November 24, 2010, this court (1) dismissed appellant's PCRA petition as untimely; and (2) granted PCRA counsel's petition to withdraw as counsel of record, based upon review of appellant's pro se PCRA petition and upon independent review of the record and relevant case laws.

On December 13, 2010, appellant filed a notice of appeal. In response to this court's Pa.R.A.P. 1925(b) request, appellant filed a pro se Pa.R.A.P. 1925(b) statement on December 23, 2010 raising the following issues on appeal:

1. Whether this court erred in determining that the appellant's claims raised in his third PCRA petition did not meet exceptions pursuant to 42 §9545(b)(1)(i-iii).

2. Whether this court erred in dismissing appellant's third PCRA petition for post-conviction relief and granting PCRA counsel's application to withdraw his

appearance.

3. Whether this court erred in dismissing appellant's third PCRA petition without conducting an dvidentiary hearing.

4. Whether this court erred in finding that the holding of the United States Supreme Court in *Graham v. Florida* is only applicable to non-homicide juvenile offenders.

## FACTS

On May 27, 1993, appellant, David Viera and four other young men were gathered at a house to share a marijuana filled cigar, commonly referred to as a "blunt." The house is located in the city of Chester, Delaware County.

Mr. Viera asked appellant to leave because there were too many people present to share the blunt. Appellant became angry because he had helped pay for the blunt, and started pushing Mr. Viera. After the physical altercation, appellant, still angry, said that he would be back and left. Appellant returned approximately five minutes later, and confronted Mr. Viera saying, "Push me again." Appellant pulled out a .38 caliber handgun and shot Mr. Viera in the stomach. Mr. Viera turned and ran as appellant continued shooting him, striking Mr. Viera four more times. Appellant left the house and discarded the gun. Mr. Viera died of his wounds.

Appellant, accompanied by his mother, went to the Chester police station where he admitted to the shooting. Appellant's statements, as well as eyewitness testimony

were introduced at trial.

## DISCUSSION

I. *Appellant's third PCRA petition was untimely filed, and does not meet any timeliness exceptions as prescribed by this commonwealth's law.*

Appellant argues that this court should honor his third PCRA petition, filed more than a year after his final verdict (appellant was found guilty on August 31, 1994, and sentenced on October 18, 1994) and more than thirty (30) days after his first PCRA petition was denied (September 27, 1999). Appellant alleges that his third PCRA petition should be honored pursuant to 42 Pa.C.S.A. section 9545(b)(2).

A. *Appellant's third PCRA petition was untimely filed.*

The Superior Court has held that "any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. Section 9545(b)(1); See also *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking the review. 42 Pa.C.S.A. Section 9545(b)(3). Judgment of sentence becomes final thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903.

Here, appellant was found guilty of first degree murder and possessing an instrument of a crime on August 31, 1994, and was sentenced on October 18, 1994. Appellant's appeals were denied on April 3, 1996 and September 25,

1996 by the Superior Court and by the Supreme Court, respectively. Therefore, appellant's sentence became final thirty (30) days thereafter on October 25, 1996. Appellant had one year after October 25, 1996 to file his PCRA petition. Appellant filed his first PCRA petition on August 10, 1998, almost two years after October 25, 1996. Appellant's petition was denied as untimely on September 27, 1999. Appellant filed his second PCRA petition on June 12, 2003, almost seven years after October 25, 1996, and almost four years after his first PCRA was denied as untimely. Appellant's second PCRA petition was denied as untimely on January 29, 2009. On its face, appellant's PCRA petitions were untimely filed. Appellant filed his third PCRA petition on July 8, 2010, more than thirteen years after October 25, 1996, and more than ten years after his first PCRA was denied as untimely. This court finds that appellant's third PCRA petition was untimely filed since it was filed more than one year after the judgment became final.

B. *Appellant's untimely PCRA petition does not meet any exceptions to the timeliness requirement.*

Since this court has determined appellant's third PCRA petition is untimely on its face, this court must next determine whether the petition meets any of the timeliness exceptions pursuant to 42 Pa.C.S.A. Section 9545(b)(1) (i-iii). It is recognized that a PCRA petition may be filed outside of the one-year timeliness requirement if the petition meets one of the three exceptions to the timeliness requirement; however, a PCRA petition invoking one of the three timeliness exceptions must be filed within sixty

(60) days of the date the claim could have been presented. 42 Pa.C.S.A. Section 9545(b)(2).

The three exceptions to the timeliness requirement are as follows: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the constitution or law of this commonwealth or the Constitution or the laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the appellant and could not have been ascertained by the exercise of due diligence; or (iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa.C.S.A. section 9545(b)(1)(i-iii). The term "government official" in 42 Pa.C.S.A. section 9545 (b) (1) (i), does not include defense counsel, whether that counsel was appointed or retained. See 42 Pa.C.S.A. section 9545 (b)(4).

In this case, appellant asserts a timeliness exception due to newly discovered evidence which was unknown to him until recently, that being the recently filed United States Supreme Court case of *Graham v. Florida*, 560 U.S.___, 130 S.Ct. 2011 (decided May 17, 2010); 42 Pa.C.S.A. section 9545(b)(1)(ii)(iii). Appellant argues that this decision is the basis for his PCRA claim that he is entitled to a new sentence. This court notes appellant did in fact file his third PCRA petition on July 8, 2010, which was within sixty (60) days of the *Graham* decision, therefore appellant appears to satisfy the time requirements under 42 Pa.C.S.A. section 9545(b)(2).

Notwithstanding the fact appellant's third PCRA petition was filed within sixty (60) days of the *Graham* decision, this court finds the decision to be inapplicable to appellant's case sub judice. The Supreme Court in *Graham* determined that a sentence of life without parole imposed upon a *non-homicide* juvenile offender violates the Eighth Amendment's proscription against cruel and unusual punishment. *Graham v. Florida*, 560 U.S.___, ___, 130 S.Ct. 2011, 2030 (2010) (emphasis added). Appellant improperly relies upon this recent precedent as a reason why this court should have declared that his sentence was invalid and illegal. This court notes that the United States Supreme Court clearly determines that the *Graham* holding only applies to non-homicide juvenile offenders. Although appellant was fifteen (15) years of age at the time of the offense, this court notes that appellant was convicted by a jury of first degree murder, a crime which is the most heinous of violent and homicidal offenses. Accordingly, this court finds that *Graham* is not applicable in appellant's case since appellant was convicted of a homicidal offense. Therefore, this court correctly determined appellant failed to plead or prove a valid exception to the timeliness requirement under Pa.C.S.A. Section 9545(b)(1)(iii).

This court will not address other exceptions under 42 Pa.C.S.A. Section 9545(b)(1)(i) and (iii) since appellant failed to plead or prove any other exception to the timeliness requirement under the previously stated sections.

This court finds that appellant's third PCRA petition was untimely filed, and does not meet any exceptions to the timeliness requirement.

II. *Appellant's third PCRA petition had no issues of arguable merit, thus appellant's PCRA counsel's application to withdraw as counsel of record was properly granted.*

Appellant alleges this court erred in dismissing his third PCRA petition and in granting his PCRA counsel's application to withdraw his appearance. This court notes for reasons already set forth in part I of this opinion, appellant's third PCRA petition is without merit because (1) it was untimely filed and (2) it does not meet any exceptions to the timeliness requirement. Therefore, this court did not error in dismissing appellant's third PCRA petition.

Regarding PCRA counsel's application to withdraw, this court notes what is required of an attorney seeking withdraw is well settled under the laws of this commonwealth. In addition to making a formal application, a "no merit" letter must be filed, where the attorney is required to (1) detail the nature and extent of his review; (2) list each issue petitioner wishes to have reviewed by the court; and (3) explain why said issues are without merit. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa.1988). This court notes appellant's PCRA Counsel did in fact file a "no merit" letter on October 22, 2010, where counsel clearly demonstrated a thorough reading of appellant's entire case file and all applicable law, notably the United States Supreme Court decision in *Graham v. Florida*. Counsel noted appellant's argument that the recent *Graham v. Florida* should constitute a timeliness

exception under Pa.C.S.A. Section 9545(b)(1). In his letter, appellant's PCRA counsel clearly demonstrated to this court that the holding in *Graham v. Florida* is only applicable to non-homicide juvenile offenders. Considering appellant was convicted of first degree murder, his claim is without merit, as it has no basis under existing constitutional law.

Furthermore, this court notes PCRA counsel submitted to appellant a copy of his "no merit" letter and correctly informed him of the right to proceed pro se, or with the assistance of privately retained counsel in the event the application for withdraw was granted. This court finds it correctly determined PCRA counsel met his burden and complied with all requirements under the laws of this commonwealth, therefore was properly granted his application to withdraw as counsel of record. *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006).

III. *Appellant's third PCRA petition did not contain any genuine issues of material fact, therefore an evidentiary hearing is not necessary.*

Appellant argues that this court should not have dismissed his third PCRA petition without an evidentiary Hearing, as is required by Pa.R.Crim.P. 908. In *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), the Superior Court held that "there is no absolute right to an evidentiary hearing on a PCRA petition, and that if PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."

Appellant filed his first PCRA petition on August 10, 1998, almost two years after the final sentence. Appellant filed this second PCRA petition on June 12, 2003, almost four years after his initial PCRA petition was denied. Appellant's second PCRA petition was denied as untimely on January 29, 2009. On its face, appellant's PCRA petitions were untimely filed. This courts finds that on its face, appellant's third PCRA petition was untimely filed, therefore there was no need for an evidentiary hearing.

Appellant asserts that this court should excuse the untimeliness of his PCRA petition due to the newly discovered evidence doctrine of the timeliness requirement. The evidence upon which appellant based his claim was the aforementioned United States Supreme Court holding in *Graham v. Florida*. For all the reasons set forth in this opinion, this court finds that the *Graham* holding is inapplicable to appellant due to the fact he was convicted of first degree murder, the most heinous and violent of all homicidal offenses. This court finds that appellant did not meet the any exception to the timeliness requirement. Therefore, this court did not error in finding that an evidentiary hearing was not necessary because, based on the record, there was no issue of genuine material fact since appellant's PCRA petition was untimely filed, and petition did not prove any exceptions to the timely requirements.

IV. *Appellant's contention that the United States Supreme Court's holding in* Graham v. Florida *should include all juvenile offenders, regardless of what crime they have committed, is wholly without merit.*

Appellant argues that this court erred in interpreting the United States Supreme Court's holding in *Graham v. Florida* to be applicable solely to non-homicide juvenile offenders. This court finds appellant's contentions to be wholly without merit. In its holding, the United States Supreme Court is perfectly clear, stating "This court now holds that for a juvenile offender who *did not commit homicide* the Eight Amendment forbids the sentence of life without parole." *Graham v. Florida*, 560 U.S.___,___, 130 S.Ct. 2011, 2030 (2010) (emphasis added). The court goes on to explain those who are below the age of eighteen (18) when they committed a crime "may not be sentenced to life without parole for a nonhomicide crime." *Id.* (emphasis added), citing *Roper v. Simmons*, 543 U.S. 551, 574 (2005). It is clear to this court that the Supreme Court's holding is only applicable to those juvenile defendants guilty of non-homicide offenses. Appellant, once again, was convicted of first degree murder, the most violent and heinous of all homicidal offenses. This court finds it did not error in finding that the *Graham* holding is inapplicable to appellant, thus his argument is wholly without merit.

## CONCLUSION

For all of the foregoing reasons, the trial's judgment denying petition for post conviction collateral relief should be affirmed.