J-S08003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN HENDERSON | |
| Appellant | No. 318 WDA 2015 |

Appeal from the PCRA Order Entered January 20, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0011250-2005

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 20, 2016**

Appellant, Calvin Henderson, appeals from the January 20, 2015 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.   Counsel has filed a brief and petition to withdraw.[1]  We affirm the order and grant the petition to withdraw.

In July of 2006, a jury found Appellant guilty of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault, kidnapping, and unlawful restraint.[2]  On November 15, 2006, the trial court found Appellant to be a sexually violent predator (SVP) and sentenced him to an aggregate 36 to 90 years of incarceration.  Appellant's post-sentence

_____

[1]  We will address the procedural irregularities of counsel's petition below.

[2]  18 Pa.C.S.A. §§ 3121, 3123, 3125, 2701, 2901, and 2902.

motion was denied by operation of law on May 3, 2007. Appellant filed a timely notice of appeal one week later, and this Court affirmed in a unanimous memorandum filed on September 3, 2008. On June 30, 2009, our Supreme Court granted allowance of appeal on one issue: whether a search warrant was valid under the independent source doctrine. This case involved two search warrants. The trial court deemed the first warrant invalid and granted Appellant's motion to suppress. The Commonwealth procured a second warrant based on the investigation of a police officer who worked in the same department as the officer who produced an insufficient affidavit in support of the first warrant. The Supreme Court held that the second warrant and search were valid, and affirmed Appellant's conviction in an opinion filed on April 25, 2012. *Commonwealth v. Henderson*, 47 A.3d 797 (Pa. 2012), *cert. denied*, 133 S. Ct. 435 (2012).

Appellant filed a timely PCRA petition on April 26, 2013. The PCRA court dismissed that petition on June 25, 2014 and we have affirmed that order in a companion memorandum at docket number 1177 WDA 2014. Appellant filed the instant *pro se* petition on October 21, 2014, while the appeal at 1177 WDA 2014 was pending. The PCRA court appointed counsel. Appellant alleges his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), wherein the Supreme Court held that the imposition of a mandatory minimum sentence based on judicial fact finding violates the Sixth Amendment of the United States Constitution. On December 2, 2014,

- 2 -

the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition. The Court dismissed the petition on January 20, 2015.

Before we turn to the merits, we consider the adequacy of counsel's brief and petition to withdraw. Appointed counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Since this is a PCRA proceeding, counsel should have proceeded in accord with ***Turner***/***Finley***. Nonetheless, this Court typically accepts an ***Anders*** brief in lieu of a ***Turner***/***Finley*** no merit letter because ***Anders*** provides greater protection to the petitioner. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

A proper ***Turner***/***Finley*** filing must comply with the following:

> The ***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [. . .] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. [***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009)]

> In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006) ***abrogated in part by Pitts, supra,*** this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to ***Friend,*** counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a

statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in **Pitts** that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of **Friend** as those prerequisites did not apply to the petitioner in **Pitts. See Pitts, supra** at 881 (Castille, C.J., concurring).

After the decision in **Pitts,** this Court held in [**Widgins**], that the additional procedural requirements of **Friend** were still applicable during collateral review.

**Commonwealth v. Freeland**, 106 A.3d 768, 774-75 (Pa. Super. 2014). We have reviewed counsel's purported **Anders** filing and found that it complies sufficiently with **Turner**/**Finley**. We therefore conduct our own review of the record to determine whether Appellant's appeal lacks merit.

Appellant's petition is facially untimely, inasmuch as Appellant filed it more than one year after his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b). As noted above, the Pennsylvania Supreme Court affirmed Appellant's judgment of sentence in an April 25, 2012 opinion. Appellant did not file a petition for *certiorari* in the United States Supreme Court. Appellant's October 21, 2014 petition is more than one year late.

Appellant therefore cannot meet the PCRA's jurisdictional timeliness requirements unless Appellant can plead and prove the applicability of a timeliness exception set forth in § 9545(b)(1). Appellant apparently believes **Alleyne** applies retroactively in light of the United States Supreme Court's retroactivity analysis in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).

If Appellant is correct, he could argue[3] his petition meets the timeliness exception of § 9545(b)(1)(iii): "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). The record before us fails to reflect that Appellant is serving a mandatory minimum sentence. N.T. Sentencing, 9/17/2007, at 25-26. We therefore need not address whether **Montgomery** requires this Court to give retroactive effect to **Alleyne**.

We will affirm the PCRA court's order because Appellant's petition is untimely under § 9545(b)(1). Further, we observe that Appellant had no right to file a second PCRA petition while the appeal from the dismissal of his first petition was pending at 1177 WDA 2014. Our Supreme Court has written:

> We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first

_____

[3] Given the circumstances of this case, we have no occasion to decide this question.

- 5 -

'date the claim could have been presented.' 42 Pa.C.S. § 9545(b)(2).

***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000).

For all of the foregoing reasons, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016