J-S15015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANE D. ROOF | |
| Appellant | No. 1885 MDA 2013 |

Appeal from the PCRA Order September 18, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001823-2009

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED MAY 01, 2015**

Shane D. Roof appeals from the order, entered in the Court of Common Pleas of Schuylkill County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

On November 5, 2010, Roof was sentenced to an aggregate term of 47 to 94 years' imprisonment after entering a partial negotiated guilty plea[1] to third-degree murder, conspiracy and robbery.  The charges stem from an incident in which Roof and three co-conspirators beat Anthony Locasio to

_____

[1] Under the plea agreement, Roof's sentence for third-degree murder was set at 20 to 40 years' imprisonment.  His penalties as to the remaining counts were left to the discretion of the sentencing judge.

death in a remote, wooded area, stripping him of his clothes, and robbing him of personal property.

One of Roof's co-conspirators, Curtis Todd Foose, was also sentenced on November 5, 2010, to 47½ to 95 years' incarceration. Roof's other two co-conspirators, Jeffery Gombert and Andrew Tutko, were sentenced on November 18, 2010. Both Gombert and Tutko cooperated with the Commonwealth from the outset. They signed written memoranda of cooperation and later entered into negotiated plea agreements with the Commonwealth. Gombert was ultimately sentenced to an aggregate term of 20 to 40 years' incarceration; Tutko was sentenced to 25 to 50 years in prison.

Roof did not file post-sentence motions. On December 2, 2010, Roof filed a notice of appeal to this Court. On appeal, Roof raised two claims implicating the discretionary aspects of his sentence. However, because he failed to file post-sentence motions, this Court concluded that his claims were waived for failure to preserve them in the trial court. While his appeal to this Court was pending, Roof filed a PCRA petition on March 8, 2011. The trial court dismissed the PCRA petition for a lack of jurisdiction. After this Court affirmed his judgment of sentence, Roof filed the instant timely PCRA petition on August 7, 2012.

The PCRA court conducted a hearing on April 22, 2013, at which Roof, various family members, his trial counsel, Kent W. Watkins, Esquire, and then-District Attorney, now-Judge James P. Goodman testified. The court

denied post-conviction relief by order dated September 18, 2013, and this timely appeal followed.

On appeal, Roof raises the following issues:[2]

> 1.    Was trial counsel ineffective for failing to file a motion to reconsider Roof's sentence *nunc pro tunc*, in light of the lesser sentences received by his co-defendants?
>
> 2.    Was Roof's guilty plea unlawfully induced by trial counsel's failure to provide and discuss discovery materials with him and properly advise him as to potential sentences?
>
> 3.    Did the lower court abuse its discretion in imposing disparate sentences between Roof and his co-defendants?

Brief of Appellant, at 7.

Our standard and scope of review for the denial of a PCRA petition is well-settled.  We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error.  ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).  The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.  ***Id.***

Roof's first two claims raise issues implicating the alleged ineffectiveness of plea counsel.  To prevail on a claim of ineffectiveness of counsel, a petitioner must demonstrate:    (1) the underlying claim has

---

[2] We have rephrased, reordered and combined certain of Roof's issues for purposes of clarity and ease of disposition.

arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with the Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1018-19 (Pa. 2007) (citations and quotation marks omitted).

Roof first asserts that counsel was ineffective for failure to file a motion to reconsider sentence *nunc pro tunc* once his co-defendants were sentenced.[3] Although, as the PCRA court found, counsel may have lacked a reasonable basis for his failure to file that motion, his inaction is ultimately inconsequential, as Roof fails to satisfy the other elements of his ineffective counsel claim. *See id.* Specifically, Roof's scant argument on this issue does not address either the "arguable merit" or "prejudice" prongs of the ineffectiveness test. Rather, Roof appears to be under the misimpression

---

[3] Roof's co-defendants were sentenced on November 18, 2010, thirteen days after Roof's sentencing, and outside the 10-day window to file a motion to reconsider. Pa.R.Crim.P. 720. Because of this timing issue, Roof's only opportunity to file a motion to reconsider based on the disparity in sentences between him and his co-defendants would have been via a *nunc pro tunc* motion.

that, because counsel's conduct was unreasonable, he is automatically entitled to relief. A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. *See id.* Accordingly, Roof is entitled to no relief.

Next, Roof alleges that his guilty plea was unlawfully induced by trial counsel, who failed to provide and discuss discovery materials with him and improperly advised him that he would face the death penalty if he went to trial. This claim is meritless.

With regard to discovery materials, the credible testimony at the PCRA hearing belies Roof's claim that counsel failed to provide him with and advise him as to discovery. Former District Attorney, now Judge James P. Goodman testified that he met with Roof and his counsel for a plea negotiation and, during that meeting, they "went over the evidence pretty extensively[.]" N.T. PCRA Hearing, 4/22/13, at 45. Roof's plea counsel, Kent Watkins, Esquire, testified that he was aware that Roof was unable to read well, so when he received discovery materials he "read [Roof] anything that . . . dealt with the case." *Id.* at 55. He testified:

> I went over the preliminary hearing transcript to get his take on everythying everybody said plus read for any contradictions in the discovery and talked to [Roof] about issues in the discovery. And he contradicted a lot of it and, you know, and I took note of that.

*Id.* at 56. He testified further as follows:

> [ATTORNEY WATKINS]: I met with Mr. Roof on a lot of occasions because we had got a lot of discovery. And I'd ask

- 5 -

him what he thought. And he wanted to go to trial. So I prepared for trial. So that's all I did.

[ATTORNEY ZELONIS]: And you were here when Mr. Roof testified. He said you met with him only a few times. That's not true?

A:    No, because there were a lot of things to go over that came in piecemeal even especially, like, that picture that came in from the prison. And there may have been some stuff from snitches, reports. There were the proffers made by at least one or two of the codefendants. And then there were . . . changes in the offer I believe, in one or two of them. So we went over a bunch of this stuff. But again, I would read it to him because I knew he had trouble reading.

Q:    And you actually read it to him? You'd go over to the prison?

A:    Yes.

*Id.* at 59-60.

Roof also claims that counsel misled him to believe he would be subject to the death penalty if he did not enter a plea. This allegation is also belied by the record. At the PCRA hearing, Judge Goodman testified that, at the time Roof entered his plea, he was not facing the death penalty because the district attorney's office had not filed a notice of aggravating factors at the time of Roof's arraignment several months earlier. *See id.* at 47. Attorney Watkins testified that, after Roof was arraigned, he told Roof that "it's no longer [a] death penalty [case]; it's a life sentence that you're looking at." *Id.* at 59. The following exchange also took place between Attorney Watkins and counsel for the Commonwealth at the PCRA hearing:

Q:    But you were clear with your client, Mr. Roof, that the death penalty was not on the table?

- 6 -

A:    Correct.

*Id.* at 71.

Based on the foregoing testimony, which the PCRA court deemed credible, it is clear that:  (1) Roof was advised by counsel that he would not be subject to the death penalty prior to entering his plea and (2) counsel thoroughly reviewed discovery materials with Roof.  Accordingly, Roof's claim that his plea was unlawfully induced by plea counsel is meritless.

Finally, Roof claims that the trial court abused its discretion in imposing disparate sentences between Roof and his co-defendants.  This claim, which is not couched in terms of counsel's ineffectiveness, implicates the discretionary aspects of Roof's sentence. Such claims are not cognizable under the PCRA, which provides only for challenges to sentences that have been imposed in excess of the lawful maximum. ***Commonwealth v. Friend***, 896 A.2d 607, 616 n.15 (Pa. Super. 2006).  Accordingly, Roof is entitled to no relief on this claim.[4]

_____

[4] As set forth ***supra***, Roof failed to establish that counsel was ineffective for failing to preserve his discretionary aspects of sentencing claim on direct appeal by not filing a motion to reconsider sentence *nunc pro tunc*.

Order affirmed.

Judge Wecht joins the majority.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015