J-S80001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICKEY CASTILLO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MATTHEW P. KELLY | |
| Appellee | No. 36 MDA 2016 |

Appeal from the Order Entered December 7, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 10136-2013

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 01, 2016**

Mickey Castillo appeals, *pro se*, from the trial court's order sustaining Attorney Matthew P. Kelly's preliminary objections and dismissing Castillo's supplementary malpractice complaint.  We affirm.

In July 2010, Castillo was convicted of felony drug possession and sentenced to 4-8 years in prison, with a two-year probationary tail.  Kelly was Castillo's appellate counsel following the denial of post-conviction relief.  On August 26, 2013, Castillo filed a praecipe for a writ of summons against Kelly and, on July 6, 2015, a malpractice complaint against Kelly asserting: (1) fraud; (2) destruction of paperwork; and (3) legal malpractice.  In his complaint, Castillo claimed that "[Kelly's] actions have destroyed, sabotaged [and] interfered with [his] absolute guaranteed constitutional right to procedural 'Due Process' and . . . [sought the] disbarment of [Kelly]  . . . [and] $[15] [m]illion dollars [compensatory and punitive damages] for

"mental and emotional distress[, Kelly's] irreprehensible and corrupt [actions] and fraud." Castillo's Supplementary Malpractice Complaint, at 5-6.

Kelly filed preliminary objections claiming that the complaint failed to assert a cause of action upon which relief could be granted. *See* Pa.R.C.P. 1028(a)(4). On August 17, 2015, the preliminary objections were served upon Castillo, including a notice to plead within twenty days or suffer an adverse judgment. On September 3, 2015, Castillo filed a motion for an extension to respond to the preliminary objections. On November 6, 2015, Castillo filed a motion for a hearing to stay the matter pending resolution of his federal habeas corpus petition. On that same day, the trial court denied Castillo's motion for stay.

On December 7, 2015, the trial court entered an order sustaining Kelly's preliminary objections and dismissing with prejudice Castillo's complaint. Castillo filed a timely appeal on January 7, 2016.[1] On January 21, 2016, the trial court ordered Castillo to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 30 days; Castillo

---

[1] Kelly has filed a motion to quash the instant appeal claiming that Castillo filed an untimely notice of appeal and that a copy of the trial court docket was not attached to the notice of appeal. The docket indicates that notice of the trial court's order granting Appellee's preliminary objections and dismissing Castillo's complaint was sent to the parties on December 8, 2015. *See* Pa.R.C.P. 236. Therefore, Castillo's January 7, 2016 notice of appeal is timely. *See* Pa.R.A.P. 903(a). Additionally, a copy of the trial court docket is included in the certified record on appeal, therefore we decline to quash the appeal on that basis as well.

complied with the order, filing his statement on February 19, 2016. On April 1, 2016, the trial court filed a Rule 1925(a) opinion.

On appeal, Castillo raises several related issues concerning the trial court's decision to dismiss his complaint. After careful review of the parties' briefs, relevant case law and the record on appeal, we rely upon the well-reasoned opinion authored by the Honorable Richard M. Hughes, III, to affirm the trial court's order.

Allegations of fraud must be pled with specificity. *See* Pa.R.C.P. 1019(b). Castillo fails to specify exactly how counsel misrepresented him. With regard to his claim of destruction of documents, Castillo failed to specify what documents, if any, Kelly destroyed. Kelly merely informed Castillo that he did not possess papers that he had requested. Finally, Castillo's vague assertions that Kelly "sabotaged" and "gutted" his PCRA appeal are not grounded in any facts or supported by law that would grant him relief. The fact that counsel filed a *Finley* letter does not automatically equate to legal malpractice; in order to sustain a malpractice action against a criminal defense attorney, a plaintiff must establish five elements. *See* ***Bailey v. Tucker***, 621 A.2d 108, 115 (Pa. 1993). Castillo has simply not alleged any facts to support elements 2-5 of the *Bailey* test.

Order affirmed.[2]

_____

[2] We instruct the parties to attach a copy of President Judge Hughes' opinion in the event of further proceedings in the matter.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2016

MICKEY R. CASTILLO    : IN THE COURT OF COMMON PLEAS

Plaintiff          :     OF LUZERNE COUNTY

                    : CIVIL ACTION – LAW

vs.                      :

MATTHEW P. KELLY,        :

                    :

Defendants     : NO.       10136 of 2013



## 1925(a) OPINION IN SUPPORT OF ORDER

### Introduction

This Opinion arises out of a Civil Complaint alleging professional legal malpractice filed by *pro se* Plaintiff Mickey Castillo on July 6, 2015. On August 17, 2015, Defendant Matthew P. Kelly, who had served as Plaintiff's appointed counsel in a P.C.R.A.[1] matter, filed a Preliminary Objection to the Complaint in the nature of a demurrer. For the reasons set forth in this Opinion, this court Sustained Defendant's Preliminary Objection and dismissed Plaintiff's Complaint by Order dated December 7, 2015.

### Background

#### Complaint

Plaintiff's Complaint enumerated three causes of action: "1) Fraud, misrepresentation; 2) Destruction of Plaintiff Paperwork; [and] 3) Ineffective Counsel including when Defendant 'Finleyed' Plaintiff." The underlying facts, as detailed in the Complaint, are as follows:

---

[1] The Post Conviction Relief Act ("P.C.R.A."), 42 Pa. C.S.A. § 9541 *et seq.*, establishes the process for obtaining collateral relief from a criminal conviction in the Commonwealth of Pennsylvania.

On July 8, 2010, Plaintiff was sentenced to 4 to 8 years in prison, with 2 years of probation, following an April 14, 2010 conviction of felony drug possession. Complaint ¶ 5. Plaintiff filed a P.C.R.A. petition on July 8, 2011; that P.C.R.A. petition was denied on October 26, 2012. Complaint ¶¶ 6-7. On December 5, 2012, Defendant Matthew P. Kelly was appointed to represent Plaintiff's appeal of the denial of relief. Complaint ¶ 8.

Plaintiff states that, in January, 2013, he "became aware and forwarded to [Defendant] that since the 7/8/10 'Sentence Order' was not formally entered into the Docket all legal procedures since 7/8/10 are of no effect and in fact are still tolled till triggering effect has been cured." Complaint ¶ 9. Plaintiff avers that "[a]ll procedures from 7/8/10 have no legal standing", but provides no legal support or other documentation for this claim. Complaint ¶ 10. Plaintiff states that "Defendant took no action... and directed Plaintiff in essence to go pro-se on such matter" and states that in "July 2013 Plaintiff was 'Finleyed' by Defendant."[2] Complaint ¶¶ 11-12. These actions, Plaintiff alleges, "sabotaged" him and "resulted in... the Pa. Superior Court [denying] Plaintiff relief." Complaint ¶ 13.

Plaintiff next avers that he filed a federal *habeas corpus* action, and "in April 2013 went personally to Defendant's office to retrieve paperwork so as to litigate" that action, but that "Defendant has stated he [didn't] have any" relevant paperwork. Complaint ¶¶ 15-17. Plaintiff

---

[2] Plaintiff's statement that he was "Finleyed" by Defendant suggests that Defendant, in the course of his representation of Plaintiff during his P.C.R.A. appeal, filed what has come to be known as a "Finley Letter", after Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). In Finley, the Superior Court of Pennsylvania acknowledged that an attorney appointed to represent a P.C.R.A. petitioner need not pursue frivolous claims but need only conduct "an independent review of the record," which required "1) A 'no-merit' letter... detailing the nature and extent of [counsel's] review; 2) the 'no merit' letter... listing each issue the petitioner wished to have reviewed; 3) [C]ounsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless; 4) The [reviewing] court conducting its own independent review of the record; and 5) The [reviewing] court agreeing with counsel that the petition was meritless." Id. (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

makes a claim for "Destruction of Plaintiff's paperwork," alleging that "Defendant's acts are opposite [to his legal] duty." Complaint ¶ 19.

Additionally, Plaintiff makes a claim titled "fraud", stating that "Defendant had never been given jurisdiction to litigate [Plaintiff's] legal cause… result[ing] in [Defendant] taking, illegally, funds from the Public Defenders' fund." Complaint ¶ 18.

Ultimately, Plaintiff alleges that defendant "destroyed, sabotaged, [and] interfered with [Plaintiff's] absolute guaranteed constitutional right to procedural due process"; Plaintiff's Complaint seeks the disbarment of Defendant and a total of $15 million in compensatory and punitive damages for "mental and emotional distress." Complaint ¶¶ 20-21, 23-25.

Preliminary Objection

On August 17, 2015, Defendant filed a single Preliminary Objection in the nature of a demurrer, averring that "[t]he Complaint fails to assert any cause of action upon which relief can be granted…." Defendant simply argued that the Complaint did not assert facts that could support claims for fraud, destruction of documents, or malpractice. Defendant's Preliminary Objection was served on Plaintiff with an attached Notice to Plead within twenty days.

On September 1, 2015, Plaintiff, who had since been released from prison, mailed to the Luzerne County Prothonotary a "Motion and Request for Extension to Respond" to Defendant's Preliminary Objection. The Prothonotary mailed a letter to Plaintiff, stating that motions such as the one filed by Plaintiff are required by Local Rule 206.4(c) to be presented in person to the Judge presiding over Motions Court (held every work day from 8:30 a.m. to 9:15 a.m.).[3] Both

_____

[3] Luzerne County Rule of Civil Procedure 206.4(c)(B)(1) states "Where the moving party is seeking immediate relief in addition to the issuance of the Rule to Show Cause… a party seeking the same shall present the Rule to Show Cause along with the underlying Motion/Petition, a comprehensive Brief in support and Proposed Order, to

3

the improperly-filed motion and Prothonotary's letter were docketed with proof of service. The docket does not show that Plaintiff's Motion was ever properly presented to a Judge.

### Order and Appeal

This court, upon consideration of the Complaint and the Preliminary Objection thereto, sustained Defendant's Objection and dismissed Plaintiff's Complaint with prejudice by Order of December 7, 2015. Plaintiff filed an appeal of this Order to the Superior Court of Pennsylvania on January 7, 2016. This court issued an Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Plaintiff to file a statement of errors complained of on appeal; Plaintiff filed a statement containing five alleged errors.

The first error alleged was that this court's Order was "constitutionally deficient." The second error alleged was that this court abused its discretion in "declining to address and adjudicate the claims… raised... [on] the merits...." The third error alleged was essentially that this court applied an improper standard of review to a demurrer, inasmuch as "factual allegations have been ignored and the law cited in Plaintiff's brief and complaint has been treated as if it did not exist." The fourth error alleged is essentially the same as the third, stating that Plaintiff should have been allowed to proceed to discovery, at which time he would document "how the

---

Motions Court for Consideration." Plaintiff never properly presented a motion for extension of time to respond to Defendant's Preliminary Objection, and as such was required to plead within twenty days. Plaintiff never did respond to Defendant's Preliminary Objection, meaning that the factual averments within were deemed admitted. Pa. R.C.P. § 1029(b); see also Action Industries, Inc. v. Wiedeman, 346 A.2d 798, 800 (Pa. Super. 1975). Although Plaintiff's failure to respond to Defendant's Preliminary Objection resulted in the admission of any facts therein, "[i]t does not follow… that the preliminary objections must be sustained; that depends upon the facts that have been admitted." Action Industries, Inc., 346 A.2d at 800. Hence, this court ruled on the merits of Defendant's Preliminary Objection, based upon the facts alleged in both Plaintiff's Complaint and Defendant's Preliminary Objection.

4

process[es] of Justice are being subverted to the shock [of] everyone's conscience." Finally, Plaintiff alleges error in that no reason for the December 7, 2015 decision has been given as required under Pennsylvania Rule of Appellate Procedure 1925(a); that is, of course, the purpose of the present Opinion.

## Analysis

It is well-established that "[a] preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." Weiley v. Albert Einstein Medical Center, 51 A.3d 202, 208 (Pa. Super. 2012). In ruling on a preliminary objection in the nature of a demurrer, "[a]ll material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." Id. As such, "the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." Id. (quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 274 (Pa. 2005)).

The remainder of this section of the Opinion will apply this standard to each of the three causes of action mentioned in the Complaint.

### Fraud

In the Commonwealth of Pennsylvania, a cause of action for fraud has five elements: 1) misrepresentation; 2) a fraudulent utterance thereof; 3) intention to induce action thereby; 4) justifiable reliance thereon; and 5) damage as a proximate result. V-Tech Services, Inc. v. Street,

5

72 A.3d 270, 275 (Pa. Super. 2013) (quoting <u>Wilson v. Donegal Mutual Insurance Company</u>, 598 A.2d 1310, 1315 (Pa. Super. 1991)).

Under Pennsylvania Rule of Civil Procedure 1019(b), "Averments of fraud or mistake shall be averred with particularity." This means that "pleadings [of fraud] must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge." <u>Bata v. Central-Penn National Bank of Philadelphia</u>, 224 A.2d 174 (Pa. 1966).

In the present case, the Complaint, read in a light most charitable to Plaintiff, cannot sustain a cause of action for fraud. Plaintiff has alleged no misrepresentation by Defendant; the closest Plaintiff comes is to nakedly aver that "Defendant had never been given jurisdiction to litigate [Plaintiff's] legal cause." Read charitably, Plaintiff seems to be alleging that, due to some perceived docketing defect on which he based his P.C.R.A. claim, all actions following his sentencing – including the appointment of Defendant as P.C.R.A. appellate counsel – are null and void. However, even assuming this was the case, Defendant would not have committed a misrepresentation unless he was or should have been aware that he could not properly represent Plaintiff yet lied about it. No such factual averment can be located within or inferred from the Complaint, nor can any factual averments suggesting any intent to mislead on the part of the Defendant. As such, the Complaint cannot support a claim for fraud.


Destruction of Documents

To support this claim, Plaintiff merely states that, during April 2013, he went to Defendant's office to retrieve legal paperwork and that Defendant stated he did not have any. There is absolutely no factual averment in the Complaint detailing what paperwork was at issue,

whether Defendant ever had possession of this paperwork, or whether it was destroyed, lost, moved, stored, or hidden. Essentially, the Complaint merely suggests a disbelief in Defendant's statement that he did not possess the requested paperwork. Without any facts upon which the court can conclude that Defendant was ever in possession of Plaintiff's paperwork – or, indeed, whether there was any such paperwork in the first place – the Complaint cannot support a cause of action for conversion or some other tort arising out of alleged destruction of documents.

### Ineffective Counsel/Malpractice

The Supreme Court of Pennsylvania has held "that a plaintiff seeking to bring a trespass action against a criminal defense attorney... must establish the following elements: (1) The employment of the attorney; (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney; (3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., 'but for' the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges; (4) As a result of the injury, the criminal defendant/plaintiff suffered damages; [and] (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error...." Bailey v. Tucker, 621 A.2d 108, 114-15 (Pa. 1993).

The facts alleged in the Complaint to support Plaintiff's malpractice claim are that Defendant didn't pursue Plaintiff's legal theory regarding a purported docketing error, Defendant filed a Finley Letter regarding Plaintiff's P.C.R.A. appeal, and vague assertions that Defendant "sabotaged" and "gutted" Plaintiff's appeal, resulting in the denial of the appeal. Plaintiff provides no support for his legal assertion regarding the effect of the purported docketing error,

nor does he provide any support upon which it can be inferred that his P.C.R.A. appeal would have been granted but for the actions of Defendant.

Clearly, the mere fact that Defendant filed a "Finley Letter" does not demonstrate culpable disregard for Plaintiff's interest, as the filing of such a letter has been explained and endorsed by the Superior Court of Pennsylvania in <u>Commonwealth v. Finley</u>, 896 A.2d 607 (Pa. Super. 1988). Taken in the light most favorable to the Plaintiff, the Complaint simply does not support a civil cause of action for legal malpractice against Defendant.

## Conclusion

In ruling on Defendant's Preliminary Objection, this court applied the proper standard for a preliminary objection in the nature of a demurrer and otherwise properly preserved Plaintiff's rights. For the foregoing reasons, this court properly sustained Defendant's Preliminary Objection on December 7, 2015.

The Office of Judicial Records/Prothonotary is directed to enter this Opinion of record, and mail a copy to all counsel of record, pursuant to Pa. R.C.P 236.

BY THE COURT:

_____
RICHARD M. HUGHES, III, P.J.

8