J-S53006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OMAR MILLER, | |
| Appellant | No. 29 EDA 2017 |

Appeal from the PCRA Order December 7, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004797-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED SEPTEMBER 28, 2017**

Appellant, Omar Miller, appeals *pro se* from the post-conviction court's December 7, 2016 order denying his timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After careful review, we vacate the PCRA court's order and remand for further proceedings.

The facts of Appellant's case are not necessary to our disposition of this appeal.  We need only note that on April 21, 2014, a jury convicted Appellant of second-degree murder, robbery, kidnapping, conspiracy to commit kidnapping, and conspiracy to commit robbery.  On June 23, 2014, he was sentenced to an aggregate term of life imprisonment, without the possibility of parole.  Appellant filed a timely direct appeal, and this Court

affirmed. ***See Commonwealth v. Miller***, 134 A.2d 109 (Pa. Super. 2015) (unpublished memorandum).

On July 7, 2016, Appellant filed a timely, *pro se* PCRA petition, which underlies the present appeal. Therein, he raised one claim, alleging that trial counsel acted ineffectively in litigating Appellant's pretrial suppression motion. The PCRA court appointed counsel, but instead of filing an amended petition on Appellant's behalf, counsel filed a petition to withdraw and a ***Turner/Finley***[1] 'no-merit' letter. On October 11, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Within that same order, the court granted PCRA counsel's petition to withdraw.

On October 18, 2016, Appellant filed a *pro se* motion for transcripts and discovery. The PCRA court initially entered an order denying Appellant's request. However, on November 30, 2016, the court vacated that order and granted, in part, Appellant's request for transcripts, directing that the transcript of the suppression hearing be provided to Appellant within 20 days. ***See*** PCRA Court Order, 11/30/16, at 1. Just one week later, on December 7, 2016, the court issued an order denying Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal on December 23, 2016. Several days thereafter, on December 27, 2016, he also filed another

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

motion for transcripts, acknowledging that he had received the suppression hearing transcript, but reiterating his request for the transcripts of his trial. On January 9, 2017, the PCRA court issued an order denying Appellant's request for the trial transcripts, noting that he "did not raise any claims of error regarding the trial … in his PCRA petition." PCRA Court Order, 1/9/17, at 1.

Now, on appeal, Appellant presents four claims for our review, which we reorder for ease of disposition:

> [I.] Whether the [PCRA] court erred in denying Appellant's motion for order of trial transcripts[,] which denied Appellant the ability to pursue an adequate appeal and/or basis for appeal in violation of his United States constitutional rights?
>
> [II.] Whether the [PCRA] court erred in dismissing Appellant's PCRA petition, where trial counsel provided ineffective assistance by failing to properly preserve and therefore had waived Appellant's meritorious argument that the failure of the police to re-advise Appellant of his *Miranda* rights during subsequent interrogation sessions was a violation of his United States constitutional rights?
>
> [III.] Whether Appellant['s] counsel provided ineffective assistance of counsel by failing to compel the court to comply with the Rules of Appellate Procedure in providing the transcripts of the case, and by failing to move for suppression of all transcripts in the case where these transcripts were defectively produced in violation of [the] Rules of Appellant [*sic*] Procedure and fraudulently certified resulting in inaccurate, incomplete[] transcripts to which no verity can be claimed which precluded any type of meaningful review or basis for appeal, violating Appellant's right to due process and equal protection under the United States Constitution?
>
> IV. Whether Appellant['s] counsel provided ineffective assistance of counsel on direct appeal for failing to challenge the sufficiency of the evidence of the convictions?

Appellant's Brief at 3-4 (unnecessary capitalization omitted).

We begin by noting that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. ***Commonwealth v. Touw***, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In Appellant's first issue, he contends that the PCRA court abused its discretion by twice refusing to provide him with the trial transcripts, which precluded him from being able to "raise any issue or error" concerning that proceeding. Appellant's Brief at 14. Initially, we ascertain no error in the court's denial of Appellant's December 27, 2016 request for transcripts. At that point, the court had already denied Appellant's petition, and he had filed a notice of appeal; thus, even if Appellant had obtained the trial transcripts and discovered some error, the PCRA court had no jurisdiction to consider any new claim(s) at that time. Additionally, Appellant could not have raised any novel issue(s) for the first time on appeal.[2] Therefore, Appellant was

_____

[2] We point out that we have reviewed the sentencing transcript and see no illegal sentencing claim that Appellant could have presented for the first time on appeal. More specifically, the court imposed a mandatory term of life imprisonment for Appellant's conviction of second-degree murder, and he

*(Footnote Continued Next Page)*

- 4 -

not prejudiced by the PCRA court's decision to deny his request for the trial transcripts after his notice of appeal had been filed.

However, we reach the opposite conclusion regarding the PCRA court's decision not to provide Appellant with the trial transcripts when he requested them in October of 2016, before the court had denied his petition and after counsel was granted leave to withdraw. We stress that in Appellant's initial, *pro se* petition, he indicated that he wished to amend his petition once counsel was appointed. ***See*** Appellant's *Pro se* Petition, 7/7/16, at 2 (requesting "that he be permitted to amend [his] [p]etition, stating any additional grounds for relief that may be discovered after he ha[d obtained] the assistance of … counsel"). However, Appellant's counsel sought to withdraw, rather than file an amended petition on his behalf. Within counsel's 'no-merit' letter, filed on September 22, 2016, counsel stated that he possessed all of the transcripts in this case. ***See Turner/Finley*** No-Merit Letter, 9/22/16, at 1 (counsel's stating that he "reviewed the entire record in [Appellant's] case, including … the transcripts of [the] suppression hearing, the complete trial transcripts, including all exhibits offered into evidence, [and Appellant's] post-sentence motion hearing transcript"). After the PCRA court granted counsel's petition to withdraw and issued the Rule

_(Footnote Continued)_ ───────────

received concurrent, standard range sentences for his additional offenses. ***See*** N.T. Sentencing, 6/23/14, at 8-9. Thus, Appellant's sentences are within the statutory maximum terms and are not illegal.

907 notice, Appellant filed a **timely** response, expressly indicating that he wanted to further litigate his petition *pro se*, and requesting "that the Commonwealth or [a]ppointed [c]ounsel be [o]rdered to produce and provide [Appellant] with … [a]ll transcripts involved in the above[-]captioned case." Motion for Order of Discovery and Transcripts, 10/18/16, at 2 (unnumbered). Appellant averred that he "require[d] these pertinent and necessary records … in pursuit of post[-]conviction relief." **Id.**

In our view, it was an abuse of discretion for the court to deny Appellant's October 18, 2016 request for all of the transcripts in his case. It is well-settled that when PCRA counsel is granted leave to withdraw, the petitioner has the right to proceed *pro se*. **See Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa. Super. 2006) (stating that an attorney seeking to withdraw from representation during post-conviction proceedings must inform the petitioner that "he or she has the right to proceed *pro se* or with the assistance of privately retained counsel") (emphasis omitted). Here, Appellant attempted to exercise that right. Namely, he filed his request for the transcripts just one week after his attorney was granted leave to withdraw and he was informed of the court's intent to dismiss his petition. Appellant's response seeking the transcripts was well within the 20-day time limit set by Rule 907.

Moreover, contrary to the Commonwealth's argument, we conclude that Appellant was prejudiced by the PCRA court's denial of his October 18, 2016 request for all of the transcripts in this case. The Commonwealth

claims that the trial transcripts would have been useless to Appellant because, in his *pro se* petition, he only raised a claim that trial counsel acted ineffectively regarding the litigation of his ***pretrial suppression motion***. However, Rule 907 indicates that a petitioner can still seek leave to amend his petition even ***after*** the PCRA court provides notice of its intent to dismiss his petition. ***See*** Pa.R.Crim.P. 907(1) (stating that, after a Rule 907 notice is issued, "[t]he defendant may respond to the proposed dismissal[,]" upon which the court "shall order the petition dismissed, ***grant leave to file an amended petition***, or direct that the proceedings continue") (emphasis added). Here, in Appellant's initial, *pro se* petition, he explicitly requested leave to file an amended petition after counsel was appointed. When counsel instead chose to withdraw, Appellant filed the *pro se* motion for transcripts, again indicating his desire to file an amended petition on his own behalf. Because under Rule 907, Appellant arguably could have filed a *pro se* amendment at that point, we conclude that the PCRA court abused its discretion by not directing that prior PCRA counsel turn over all of the transcripts to Appellant. Without those transcripts, Appellant could not meaningfully exercise his right to represent himself. Therefore, the PCRA court abused its discretion by denying Appellant those records.

Consequently, we are compelled to vacate the PCRA court's order and remand for the court to provide Appellant with all of the transcripts in this case within 30 days of the date of this decision. The court shall then give

Appellant 45 additional days, from the date on which those transcripts are sent to him, for him to file an amended petition.[3]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>9/28/2017</u>

---

[3] Because we are vacating the PCRA court's order and remanding for the filing of an amended petition, we decline to rule on Appellant's remaining issues.