J. S07039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
               v.            :
                                          :
RICKIE JAMES,                :         No. 2643 EDA 2016
                                          :
            Appellant     :


Appeal from the PCRA Order, September 13, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013643-2009


BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 18, 2018**

Appellant, Rickie James, appeals from the September 13, 2016 order of the Court of Common Pleas of Philadelphia County denying his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse and remand for the appointment of new counsel.

The PCRA court provided the following procedural history:

> On May 13, 2010, following a jury trial, [appellant] was convicted of attempted murder, aggravated assault, carrying firearms without a license, carrying firearms on public streets or public property in Philadelphia, possessing an instrument of crime and person not to possess or control a firearm.[1]  He received an aggregate sentence of seventeen (17) to thirty-four (34) years of imprisonment.

---

[1] 18 Pa.C.S.A. §§ 2502, 901(a), 2702(a), 6106(a), 6108, and 6105(a), respectively.

[Appellant's] post-sentence motion was denied on October 13, 2010. On October 15, 2010, [appellant] filed a timely notice of appeal, and on October 18, 2011, the Superior Court affirmed [appellant's] judgments of sentence. [Appellant] did not file a petition for allowance of appeal with our Supreme Court.

On March 28, 2013, [appellant] filed a *pro se* PCRA Petition. J. Matthew Wolfe was subsequently appointed to represent [appellant], and on April 22, 2016, counsel filed a Motion to Withdraw as Counsel and a *Finley* [l]etter, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) (establishing the procedure for withdrawal of court-appointed counsel from representing a petitioner on collateral review). *See also Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006), *abrogated by Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). On July 8, 2016, [the PCRA] court issued a notice of its intention to dismiss [appellant's] Amended PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 16, 2016, [appellant] prematurely filed a *pro se* Notice of Appeal.

On September 13, 2016, after conducting a review of the record, evidence, and argument of counsel, this court denied [appellant's] Petition as meritless and permitted counsel to withdraw representation.[Footnote 3]

> [Footnote 3] The dismissal occurred more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa.R.Crim.P. 907.

On December 1, 2016, following Pa.R.A.P. 301(a)(1), the Superior Court issued an order directing [appellant] to show cause, within ten days of the date of the Order's filing, why the appeal should not be quashed as having been taken from a purported order which was not entered upon the appropriate

> docket of the lower court. On December 9, 2016, [appellant] timely complied with the Order.

PCRA court opinion, 2/2/17 at 1-3 (citations reformatted, footnotes 1 and 2 omitted).

On February 14, 2017, this court entered a **per curiam** order, referring appellant's appeal to the panel to decide the merits of the appeal.

Appellant raises the following issue on appeal:

> Did the Post Conviction Relief Act court error [sic] by dismissing appellant's first PCRA petition as untimely when clearly the petition was timely?

Appellant's brief at 3 (capitalization omitted).

PCRA petitions are subject to the following standard of review: "as a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 17 A.3d 297, 301 (Pa. 2011) (citation omitted).

> A PCRA petition . . . must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. **Commonwealth v. Fahy**, 558 Pa. 313, 787 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA

> petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 329, 737 A.2d at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014).

A review of the record indicates that the PCRA court erred when it stated that appellant did not file a petition for an allowance of appeal with the Supreme Court of Pennsylvania. Appellant filed an allowance of appeal with the court, which was denied on February 1, 2012. *Commonwealth v. James*, 37 A.3d 1194 (Pa. 2012). Appellant had 90 days from that date to file a writ of *certiorari* with the Supreme Court of the United States. Sup.Ct.R. 13. Appellant did not file a writ of *certiorari* with the Supreme Court; accordingly, his judgment of sentence became final on May 1, 2012.

Appellant filed his PCRA petition within one year of the date his judgment of sentence became final; therefore, his petition is timely. Upon review of Attorney Wolfe's *Finley* letter, the basis of his finding that appellant's petition is without merit was because it was untimely. Accordingly, we reverse the PCRA court's order and remand so that new counsel may be appointed.[2]

Order reversed. Case remanded. Jurisdiction relinquished.

---

[2] The Commonwealth, in its brief, noted that it has no objection to a remand to the PCRA court for the appointment of new counsel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/18