J-S26027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EYADE KOMADEGA KOUBIDINA | : | |
| | : | |
| Appellant | : | No. 249 MDA 2024 |

Appeal from the PCRA Order Entered January 16, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006183-2011

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                 **FILED: SEPTEMBER 24, 2024**

Appellant, Eyade Komadega Koubidina, appeals from the order entered on January 16, 2024, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). After careful review, we deny counsel's petition to withdraw and direct counsel to fully comply with all ***Turner***/***Finley*** procedures as discussed below or file an advocate's brief.

We previously determined:

[Appellant] was [] charged with one count of aggravated indecent assault, involuntary deviate sexual intercourse (IDSI), indecent assault, corruption of minors and unlawful contact with minor (sexual offenses).  Following a jury trial on April 1, 2013, [Appellant] was found guilty on all counts. Thereafter, on July 15,

2013, the trial court sentenced [him] to the mandatory sentence of 10–20 years' imprisonment for the IDSI [conviction with some of the charges] merg[ing] with IDSI for sentencing purposes. Additionally, the trial court imposed a concurrent period of seven years' probation [for] corruption of minors.

***Commonwealth v. Koubidina***, 2014 WL 10889649, at *2 (Pa. Super. 2014) (non-precedential decision). We affirmed Appellant's judgment of sentence in a non-precedential decision filed on August 28, 2014. Appellant did not seek further review.

On September 8, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. After several extensions of time were granted, counsel for Appellant filed an amended PCRA petition on September 28, 2023. By order entered on January 16, 2024, the PCRA court denied Appellant's untimely petition for lack of jurisdiction, after concluding it was not subject to exception under the PCRA. This timely appeal resulted.[1]

"Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel." ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016) (citation omitted). This Court has held:

Counsel petitioning to withdraw from PCRA representation must proceed [] under [***Turner/Finley***.] ***Turner/Finley*** counsel must review the case zealously. ***Turner/Finley*** counsel must then

---

[1] On February 14, 2024, counsel for Appellant filed a notice of appeal. On February 15, 2024, the PCRA directed counsel to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 2, 2024, counsel complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 4, 2024.

submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations and quotations omitted). "[I]n an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, [a] letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the filing of counsel's petition to withdraw**, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." *Commonwealth v. Muzzy*, 141 A.3d 509, 512 (Pa. Super. 2016) (citation omitted; emphasis in original) (explaining it is a misstatement to advise a PCRA petitioner "that he may proceed either *pro se* or with private counsel only if, and after, we grant counsel's petition to withdraw, [otherwise, the petitioner] will lose the very right that counsel is obligated to inform her client that he retains[.]"). "If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief." *Wrecks*, 931 A.2d at 721 (internal citations and quotations omitted).

Here, upon our review, counsel for Appellant has filed a *Turner*/*Finley* brief and petition to withdraw as counsel with this Court. In the

*Turner*/*Finley* brief, counsel avers that "[a] copy of this letter brief and the [a]pplication to [w]ithdraw as [c]ounsel have been furnished to Appellant, along with a letter advising him of his right to retain new counsel or raise any points as a *pro se* litigant which he may deem worthy of this Court's attention." *Turner*/*Finley* Brief at 19. Earlier in the *Turner*/*Finley* brief, however, counsel suggested that Appellant's right to proceed *pro se* or with the assistance of new counsel was conditioned upon the trial court's approval of the application to withdraw. *See id*. at 12 ("PCRA counsel must contemporaneously forward to petitioner a copy of the application to withdraw which must include [] a statement advising the PCRA petitioner that, **in the event that the trial court grants the application of counsel to withdraw**, the petitioner has the right to proceed *pro se* or with the assistance of counsel.") (emphasis added). Here, counsel indicated that Appellant may proceed *pro se* or with retained counsel, if the trial court granted the application to withdraw. Where a petition to withdraw is forwarded in the context of collateral appeal, such advice is incorrect. *Muzzy*, 141 A.3d at 512 ("if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel.") (emphasis omitted).

More importantly, however, we cannot verify whether Appellant received either the *Turner*/*Finley* brief or the application to withdraw as

counsel. Neither document submitted to this Court contains proof of service upon Appellant. Instead, counsel for Appellant served both documents on our Prothonotary and the Commonwealth. **See Turner**/**Finley** Brief at 21; **see also** Application to Withdraw as Counsel, 4/23/2024, at *3 (unpaginated). Moreover, while counsel avers that she sent a letter to Appellant accompanying the **Turner**/**Finley** brief and application to withdraw, counsel failed to provide a copy of that letter to this Court as required. **See Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006). As such, we cannot verify that a letter was sent to Appellant or what, if any, additional advice counsel provided.

Accordingly, we conclude that counsel's failures render "her attempt to withdraw as counsel defective under relevant case law prescribing the proper procedure for withdrawal in a collateral appeal." **Muzzy**, 141 A.3d at 512. Hence, we conclude that the petition to withdraw is deficient, and we deny it at this time. Counsel is hereby instructed either to file an advocate's brief or to refile the **Turner**/**Finley** brief and application to withdraw as counsel within 30 days of the date of this memorandum. If she chooses the latter, she must provide proper service to Appellant and attach a copy of her accompanying letter to Appellant providing accurate notice of Appellant's immediate right to proceed *pro se* or with private counsel. If counsel files a revised petition to withdraw and **Turner**/**Finley** brief, Appellant shall have 30 days from receipt of the revised petition to file a *pro se* brief or a brief by newly retained private

counsel, if he so chooses.  The Commonwealth will then have 30 days to file a responsive brief.

Petition to withdraw as counsel denied.  Jurisdiction retained.